**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas WHITE (91–4009) and Daniel
Geiger (91–4039), Defendants–
Appellants.**

**Nos. 91–4009, 91–4039.**

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted Sept. 24, 1992.

Decided Feb. 5, 1993.

Order on Denial of Rehearing
May 14, 1993.

cers then arrested the three men. In a search of the room after the arrest, officers discovered drug paraphernalia and a loaded pistol.

A jury trial commenced on June 17, 1991. The jury found both defendants guilty. White received a sixty-month sentence for possession of cocaine with intent to distribute, and a consecutive sixty-month sentence for possession of a firearm in connection with a drug trafficking offense. Geiger received a sentence of seventy-seven months on the drug count, and a consecutive sixty month sentence on the gun count. Both defendants then brought timely appeals.

Catherine H. Killam (argued and briefed), Office of the U.S. Atty. Western Div., Toledo, OH, for plaintiff-appellee.

Christopher J. Baer (briefed), Reynoldsburg, OH, for White.

Carol L. Damrauer (argued and briefed), Toledo, OH, for Geiger.

Daniel Geiger, pro se.

Before: BOGGS and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.

BOGGS, Circuit Judge.

Defendants appeal their jury convictions and sentences for attempted possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, and using and carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Geiger argues that, as a matter of law, there was insufficient evidence to support a conviction on the firearm offense, and that the district court abused its discretion in denying a sentencing reduction based upon his alleged minor role. White argues that he was denied a speedy trial, and that the court improperly denied his motion to suppress ammunition found in his car. For the reasons stated, we affirm.

I

On March 6, 1990, detectives from the Lucas County Sheriff's Department met with Danny Geiger, Thomas White, and George Sparks in a hotel room in Oregon, Ohio. Danny Geiger and a confidential informant identified as "Jimmy" arranged the meeting. The officers were posing as drug dealers trying to sell one-half kilogram of cocaine. Thomas White tendered $10,500 in exchange for drugs and the offi-

## II. GEIGER

### A

Count two charged Geiger with using and carrying a firearm during a drug trafficking offense. 18 U.S.C. § 924(c)(1). Sufficient evidence exists for a conviction under 924(c) if a weapon was intentionally "available for possible use during or immediately following the transaction, or if it facilitated the transaction by lending courage to the possessor." *United States v. Brown,* 915 F.2d 219, 226 (6th Cir.1990) (quoting *United States v. Payero,* 888 F.2d 928, 929 (1st Cir.1989)). Conversely, the mere coincidence that the gun was in the same room as the defendant is insufficient under § 924(c). *United States v. Terry,* 911 F.2d 272, 280 (9th Cir.1990). Appellant argues that he had no knowledge of the gun and that it was mere coincidence that he was in the same room as the weapon.

Both of the law enforcement agents entered the apartment armed. They told the defendants that they were carrying "heat." According to the officers, Danny Geiger responded: "So are we." White and Sparks allegedly indicated assent to Geiger's comment. Detective Leist was wearing a recording device. The prosecutor played the tape for the jury and the government distributed transcripts. Based upon the tape, and the officers' testimony that Geiger stated that he and his companions were armed, the jury found Geiger

guilty under § 924(c). The officers did not see the gun during the drug transaction. They found it during the search that occurred after the arrest. The gun was in the pocket of a coat draped over the chair in which Sparks, the third defendant, was sitting. The gun had five rounds of ammunition in it. Sparks testified that the coat and the gun belonged to White. Sparks did not testify whether Geiger was aware of the gun.

█ In assessing the sufficiency of the evidence, the reviewing court must view the evidence in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). No credibility determination may be made. Provided that sufficient evidence exists for a rational trier of fact to reach the actual verdict, the court must affirm. *Id.* The tape, included as exhibit one, presents sufficient evidence. The jury could reasonably conclude that Geiger stated that the defendants had a gun. Moreover, the officers testified that Geiger stated that they had a gun. This testimony also is sufficient. Defendant's assertion that he was unaware of the gun does not present adequate grounds for disturbing the verdict.

### B

█ Geiger requested that the court find him to be a "minor participant," thereby entitling him to a two-level sentence reduction. Application Note 3 to U.S.S.G. § 3B1.2(b) states that "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." The defendant has the burden of proving these mitigating factors by a preponderance of the evidence. *United States v. Kingston*, 922 F.2d 1234, 1240 (6th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2054, 114 L.Ed.2d 460 (1991). The district court concluded that Geiger should not receive the requested reduction. This determination by the trial judge constitutes a factual finding, protected by the "clearly erroneous" standard of review. *United States v. Anders*, 899 F.2d 570, 580 (6th Cir.), *cert. denied sub nom. Weddle v.*

*United States*, 498 U.S. 990, 111 S.Ct. 532, 112 L.Ed.2d 543 (1990).

Geiger arranged the transaction that resulted in the arrest of the defendants. He greeted the officers at the hotel room door and led them inside. He inquired whether anyone was wearing a wire. Geiger then relinquished control and White handled the actual negotiations. The search conducted after the arrest yielded three scales and three screens, leading to the conclusion that all three defendants would take part in preparing the drugs for distribution. On these facts, it does not appear that the district court clearly erred in finding that a reduction was not proper. It was reasonable to conclude that Geiger's role was more than minor.

### III. WHITE

#### A

The Speedy Trial Act requires that a defendant be brought to trial within seventy days from the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). The Act also requires that the information or indictment be filed within thirty days from either the arrest of the defendant or service with the related summons. 18 U.S.C. § 3161(b). If the United States fails to comply with the Speedy Trial Act, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). White argues that both the seventy-day and the thirty-day rule were violated.

█ On the day of trial, appellant brought a motion stating that he was denied his Sixth Amendment right to a speedy trial. As the district court correctly observed, White failed to bring a motion under the Speedy Trial Act. 18 U.S.C. § 3162(a)(2) requires that the defendant bring a motion for dismissal under the Speedy Trial Act prior to trial. Whether to dismiss with or without prejudice is then left to the sound discretion of the trial court. *United States v. Taylor*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). By failing to raise this issue until the ap-

peal, White waived the right to make this argument.[1]

█ In spite of defendant's waiver of this argument, we wish to stress the need for judicial officers[2] handling criminal cases to follow the requirements of the Speedy Trial Act. The severity of the strict deadlines contained in the Act are mitigated by 18 U.S.C. § 3161(h), which excludes certain days from the calculations. Section 3161(h)(8)(A) gives judges discretion to exclude time from the running of the seventy-day period based upon a finding that the "interests of justice" are served by such delay. Whereas all other exceptions to the Speedy Trial Act are specific, Section 3161(h)(8)(A) offers wide latitude to the judge. It allows courts to respond to the needs of individual cases. *United States v. Perez–Reveles*, 715 F.2d 1348 (9th Cir.1983).

Section 3161(h)(8)(A) further provides: "No such ... continuance granted by the court in accordance with this paragraph shall be excludable ... unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the ... continuance outweigh the best interests of the public and the defendant in a speedy trial." Thus, the "interests of justice" exclusion requires the court to place on the record the reasons for granting the delay. In the present case, the magistrate judge handling the case relied upon this exclusion to grant several delays. However, the court failed to place its reasoning on the record. We emphasize the need for judicial officers to comply with the requirement for on-the-record reasons contained in § 3161(h)(8)(A). *See, e.g., United States v. Perez–Reveles*, 715 F.2d 1348 (1983) (conviction reversed because judge failed to place reasons for granting continuance on the record).

### B

█ White also argues that his Sixth Amendment right to a speedy trial was violated. The Sixth Amendment guarantee of a speedy trial turns upon a four-part test promulgated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The test requires courts to balance: 1) the length of delay; 2) the reason for the delay; 3) whether and how the defendant asserted the speedy trial right; and 4) the amount of prejudice suffered by the defendant. *Id.* at 533, 92 S.Ct. at 2193. No single factor is determinative; rather the court should conduct a balancing test. *Ibid.*

In this case, the amount of delay was not excessive. There was an eleven-month delay from the time the government indicted defendant, May 22, 1990, until the trial, June 17, 1991. However, from January 3, 1991, appellant expressly participated in the delay and he cannot now protest this period. The actual delay then, is from June 17 until January 3, 1991. This six-and-one-half month delay does not rise to the level of constitutional violation. In *United States v. Holyfield*, 802 F.2d 846 (6th Cir.1986), *cert. denied*, 479 U.S. 1090, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987), defendant contended that his delay was excessive based upon a five-month lag. The court held that such a delay was not excessive, and accordingly the first factor favored the government. In *Flowers v. Connecticut Correctional Institution*, 853 F.2d 131 (2d Cir.), *cert denied*, 488 U.S. 995, 109 S.Ct. 563, 102 L.Ed.2d 588 (1988), the court held a seventeen-month delay acceptable. Based upon these cases, the present delay was not excessive.

The second factor, reason for the delay, requires the court to examine the government's motive for delay. Delays intended to secure a tactical advantage weigh heavily against the government. *Flowers*, 853 F.2d at 133. There are no facts before this court upon which to infer that the government was attempting to gain a tactical advantage.

---

**1.** Even assuming defendant had not waived the Speedy Trial Act arguments, he would not have prevailed, as his attorney consented to the delays. *United States v. Monroe*, 833 F.2d 95 (6th Cir.1987) (consent to a delay waives any subsequent objections).

**2.** The term "judicial officer" means any United States District Judge or Federal Magistrate Judge. 18 U.S.C. § 3172.

The third factor, whether and to what degree defendant asserted his speedy trial rights, does favor the defendant. White asserted his constitutional right prior to trial. Defendant made demands in writing for a speedy trial on March 14, 1990 and on June 11, 1990. White also asserted his right at the initial arraignment on July 27, 1990. In *Holyfield*, the defendant only asserted his speedy trial right on one occasion. Nonetheless, the court held that this one assertion was sufficient for the third factor to favor the defendant. Accordingly, the third factor favors White.

■■■ The last factor, prejudice, does not favor the defendant. This court requires a showing of "substantial prejudice." *United States v. DeClue*, 899 F.2d 1465, 1470 (6th Cir.1989). By the time the federal court tried White, he had fully served his state sentence, and was prevented from having the two sentences run concurrently. This fact is not sufficient to constitute "substantial prejudice." *United States v. Cyphers*, 556 F.2d 630 (2d Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2937, 53 L.Ed.2d 1070 (1977) (delay that prohibited defendant from serving concurrent sentence in state and federal prison was not substantial hardship). The most important factor under prejudice is possible impairment of the defense. In this case no evidence exists that defendant's case was impaired. Therefore, the fourth factor does not favor the defendant.

After weighing these factors, we hold that no constitutional violation occurred.

## C

■■■ Three days before trial, White's attorney learned for the first time that the government intended to introduce into evidence five rounds of ammunition found in the car that the defendant drove to the hotel. The government concedes that it was dilatory in providing this information to the defendant. The ammunition was intended to buttress count two of the indictment against White, possession of a firearm during a drug trafficking offense. On July 17, 1991, after the jury was impanelled, White moved to suppress this evidence. The court refused to suppress the evidence, but instead granted a one-week continuance so that defendant could prepare. Defendant argues that not suppressing the evidence was improper, and necessitates a new trial.

The Federal Rules of Criminal Procedure give the district court discretion in fashioning the proper remedy for discovery abuses. Fed.R.Crim.P. 16(d)(2) provides that a court may "grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other orders as it deems just under the circumstances." *Id.* In this case, the court granted a continuance rather than suppressing the evidence. This ruling does not constitute an abuse of discretion. The one-week delay provided counsel substantial time to prepare his defense against this evidence. Moreover, the evidence was not crucial. The key piece of evidence for the firearm offense was the actual firearm found in the hotel room. The ammunition is only probative because it specifically connected White to the gun.

For these reasons, we AFFIRM the convictions and sentences of Geiger and White.

## Order

### May 14, 1993

Defendant–Appellant, Daniel Geiger, now appearing pro se, has petitioned for rehearing of this court's opinion in *United States v. Geiger*, No. 91–4039, decided February 5, 1993. Geiger was represented by counsel on that appeal, but also filed a supplemental brief pro se. In his petition for rehearing, he relies on the circuit's opinion in *United States v. Morrow*, 923 F.2d 427 (6th Cir.1991). However, this decision was vacated by action of this court, 932 F.2d 1144, and this court's en banc decision in *United States v. Morrow*, 977 F.2d 222 (6th Cir.1992) (en banc), squarely holds to the contrary of Mr. Geiger's contention. Therefore, the petition for rehearing is denied.