38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas WHITE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3313.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: MILBURN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order denying a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Thomas White was convicted after a jury trial of attempted possession of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 846, and using and carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1). The district court sentenced White to two consecutive sixty month terms of imprisonment. White's conviction and sentence were affirmed on direct appeal. United States v. White, 985 F.2d 271 (6th Cir.1993).
 
 
 3
 In 1993, White filed a Sec. 2255 motion to vacate in which he challenged the constitutionality of the conviction. The government responded and the district court ultimately entered an order denying the motion. This appeal followed. The parties have briefed the issues; White is proceeding without benefit of counsel.
 
 
 4
 Petitioner White brought five claims in his original Sec. 2255 motion to vacate. He raised only one of these claims, ineffective assistance of counsel, in his appellate briefs. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). The record and law support the district court's rejection of this remaining claim.
 
 
 5
 Petitioner White took a direct appeal from his criminal conviction. The main focus of his appeal was that he had been denied his right to a speedy trial, both under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. Secs. 3161-3162. The panel concluded the Sixth Amendment claim was meritless and White's counsel had waived any Speedy Trial Act claim he might have had by failing to raise the issue prior to trial. In so concluding, the panel noted that "[e]ven assuming defendant had not waived the Speedy Trial Act arguments, he would not have prevailed, as his attorney consented to the delays." White, 985 F.2d at 275 n. 1. The court recognized the paucity of on-the-record reasons in support of the delays granted by the trial court but did not upset the conviction on this ground. Id. at 275-76.
 
 
 6
 White again sets forth a speedy trial claim in the context of his Sec. 2255 ineffective assistance of counsel argument. White's basic contention is that his attorney was ineffective for not demanding the dismissal of the charges under the Speedy Trial Act and that the district court judge should have placed his reasons for denying his Sixth Amendment speedy trial request on the record. A third alleged example of counsel's deficient performance, failure to object to selected testimony, was not pursued on appeal. White did not refer in any way to the alleged ineffective performance being manifested by his trial counsel's consent to several pre-trial delays.
 
 
 7
 The district court rejected White's ineffective assistance contention. The court noted that the Sixth Circuit previously found the Speedy Trial Act claim to have been waived and without merit owing to counsel's consent. The court thus reasoned that this ground did not constitute deficient performance under Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 8
 On appeal, White addresses only the trial court's ruling on the ineffective assistance of counsel claim. White contends, for the first time and in completely conclusory fashion, that his trial attorney's consent to various pre-trial delays amounted to ineffective assistance of counsel.
 
 
 9
 White's appellate arguments do not persuade. We first note that this court will not consider an issue that was not raised initially in the district court. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). White's eleventh-hour insistence that his attorney should not have consented to certain pre-trial delays is just such an issue. In addition, this issue lacks any support in the record before the court.
 
 
 10
 The remainder of White's argument was, as accurately stated by the district court, considered and rejected on direct appeal. The panel clearly found White's Speedy Trial Act claim waived and, just as clearly, noted that it was facially inadequate even absent the waiver. Absent highly exceptional circumstances, such as an intervening change in the law, a Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). No such circumstances are present in this case. This appeal lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.