54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Leonard SMITH, Petitioner-Appellant,
v.
Anthony J. BRIGANO, Warden, Respondent-Appellee.
 No. 94-3764.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Leonard Smith appeals a judgment dismissing his petition for habeas corpus relief filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1990, Leonard Smith pleaded no contest in Ohio state court to involuntary manslaughter while committing a felonious assault with a firearm specification. The court sentenced Smith to a 6-25 year term of imprisonment with an additional 3 year term of actual incarceration for the firearm specification. Smith's state appeals proved meritless.
 
 
 4
 In 1992, Smith filed a petition for federal habeas corpus relief under Sec. 2254. The Ohio Attorney General responded on the merits and the matter was referred to a magistrate judge who subsequently recommended that the petition should be dismissed. The magistrate judge found one of the claims meritless and the other the subject of a procedural default. The district court later adopted this recommendation over Smith's objections and denied a certificate of probable cause to appeal. Smith's motion for a certificate of probable cause in the Sixth Circuit was thereafter granted. The parties have briefed the appeal through counsel and have agreed to waive oral argument.
 
 
 5
 Smith was indicted for murder by a Hamilton County [Ohio] grand jury in 1987. Smith was not apprehended, however, until 1990 when he was arrested in Canada. Upon his return, Smith was incarcerated and received counsel. Several waivers of Smith's Ohio statutory speedy trial right (Ohio Rev. Code Sec. 2945.71-.73) were entered, some apparently signed by Smith and his counsel and some signed only by Smith's counsel. Smith subsequently agreed to plead guilty to a lesser count while reserving a right to contest various speedy trial claims on appeal. Smith unsuccessfully raised speedy trial contentions on appeal. The present litigation concerns the nature and extent of these efforts.
 
 
 6
 Smith brings two claims in his Sec. 2254 petition. The first is that he was denied his federal constitutional right to a speedy trial. This claim is premised directly on the Sixth Amendment and was found by the magistrate judge and district court to lack merit. Smith also brings a somewhat more indirect Fourteenth Amendment claim for the denial of due process. This claim is characterized as indirect as it is premised, not on a specific federal constitutional provision, but rather on the failure of Ohio courts to give effect to Ohio's speedy trial statute.
 
 
 7
 The magistrate judge ultimately concluded that Smith's Sixth Amendment claim was meritless and that his Fourteenth Amendment claim had not been fairly presented to Ohio state courts. The magistrate judge then found that Smith was now precluded from bringing this claim in Ohio state court, that Smith could not show the requisite cause and prejudice to excuse his failure to fairly present this claim earlier, and that Smith had not shown his factual innocence of the crime charged. Under these circumstances, the magistrate held that Smith's second claim could not be considered owing to a procedural default.
 
 
 8
 On appeal, counsel for Smith argues the merits of the petition and also contends that one of his two claims was improperly dismissed for failure to fairly present it to the state courts. This court reviews de novo a district court's decision to dismiss a Sec. 2254 petition. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir. 1993), cert. denied, 114 S. Ct. 1867 (1994).
 
 
 9
 The first question is whether the district court erred in finding that Smith did not prove he was deprived of his federal right to a speedy trial. An accused is guaranteed a speedy trial by the Sixth Amendment to the United States Constitution. A four-part balancing test is used in evaluating a claim that a defendant has been deprived of a speedy trial under the Sixth Amendment. The factors to be examined are: 1) the length of the delay; 2) the reasons for the delay; 3) whether the defendant has asserted his right; and 4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530-32 (1972). The first factor, length of delay, is critical, for unless the delay was long enough to be "presumptively prejudicial" the remainder of the analysis will not be undertaken. Id. at 530.
 
 
 10
 In the present case, the longest possible time frame for purposes of a Barker analysis is the six and one-half months between arrest and plea. The prosecution does not concede that all of this time is relevant, maintaining instead that only the twenty-eight days between speedy trial waiver and the scheduling of the trial date may be counted. Assuming arguendo that the entire six and one-half months may be held against the state, Smith does not prevail. The Sixth Circuit has held that a delay of six and one-half months was permissible in this context. United States v. White, 985 F.2d 271, 275 (6th Cir. 1993). White, in fact, was issued only after the Supreme Court's pronouncement that a delay approaching one year is "presumptively prejudicial." Doggett v. United States, 112 S. Ct. 2686, 2691 n.1 (1992). Smith's base claim is insufficient to trigger a complete Sixth Amendment analysis under Barker and is therefore meritless.
 
 
 11
 The second issued in this appeal is the question of exhaustion of the petitioner's second claim. A claim must be exhausted before it will be considered in federal habeas corpus. To be exhausted, the state court system must have been apprised of the facts and legal theory upon which the petitioner bases his assertion. Duncan v. Henry, 115 S. Ct. 887, 888 (1995); Franklin v. Rose, 811 F.2d 322, 325 (6th Cir. 1987). In other words, Smith must have fairly presented his claim in state court "as a federal constitutional issue - not merely as an issue arising under state law." Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).
 
 
 12
 It appears that petitioner Smith may have fairly presented his claim, a Fourteenth Amendment claim grounded on the failure of Ohio courts to give effect to Ohio's speedy trial statute, to the state courts. The filings before the Court of Appeals and Supreme Court contain references to this claim. This conclusion does not, however, end the inquiry for the underlying claim is itself patently without merit.
 
 
 13
 A federal court is not free to grant habeas corpus relief due to a perceived error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). "[C]laims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus." Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir. 1988). Indeed, the Ohio state appellate court in the case at bar held that there had not been a violation of Ohio state law. Such an interpretation is binding on this court unless convinced that the state's highest court would decide the issue differently. Id. at 929. As the Supreme Court of Ohio rejected Smith's petition for review, such an exception seems unlikely. In addition, Smith's tenuous claim under a generalized Fourteenth Amendment analysis seems to be completely at odds with recent Supreme Court decisions looking to an analysis of the specific constitutional source for a claimed infringement of that specific constitutional guarantee. See, e.g., Graham v. Connor, 490 U.S. 386, 395 (1989) (civil rights case under 42 U.S.C. Sec. 1983). The exhaustion question is not determinative of this appellate issue as the claim itself patently lacks merit.
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation