95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manning GALLOWAY Defendant-Appellant.
 No. 95-4328.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1996.
 
 Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Manning Galloway appeals a portion of his sentence requiring the forfeiture of his home, which was used to facilitate a conspiracy to distribute and possess in excess of five hundred grams of cocaine; he claims that the forfeiture is an "excessive fine" under the Eighth Amendment. Because we conclude that the forfeiture was not excessive under the Eighth Amendment, we affirm.
 
 I. BACKGROUND
 
 2
 A federal grand jury indicted Manning Galloway on one count of conspiracy to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846, and on four counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). In conjunction with the conspiracy count, the government sought the forfeiture of Galloway's $70,000 residence located in Gahanna, Ohio.
 
 
 3
 Galloway entered a plea of guilty to the conspiracy count, but reserved the right to challenge the forfeiture of his house in a hearing before the district court. The plea agreement further stated that each party reserved the right to appeal an adverse determination of the forfeiture issue. The government dismissed the other charges.
 
 
 4
 The district court held a hearing on the forfeiture of Galloway's residence. The court determined that Galloway's house had been used to facilitate the commission of a drug offense in violation of 21 U.S.C. § 853 and ordered its forfeiture. Galloway appeals the order requiring the forfeiture of his residence on grounds that the forfeiture is an "excessive fine" under the Eighth Amendment.
 
 II. PRESERVATION OF ISSUE FOR APPEAL
 
 5
 The government contends that Galloway is raising for the first time on appeal the argument that the forfeiture of his residence constitutes an "excessive fine" under the Eighth Amendment and that this court should therefore not consider the issue. While Galloway did reserve the right below to appeal an adverse determination on the forfeiture issue, he did not specifically present to the district court the issue of whether the forfeiture constituted an excessive fine. Because the excessive fine issue was not raised during the district court proceedings, Galloway has arguably waived his right to raise that issue here on appeal. United States v. Scarborough, 43 F.3d 1021, 1025 (6th Cir.1994).
 
 
 6
 Nevertheless, where both parties have extensively briefed an issue on appeal, as both parties here have done, and the issue is legal, we retain the discretion to determine issues not raised in the lower court. Pinney Dock v. Penn. Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988). In any event, we find Galloway's arguments unpersuasive, and therefore choose to reject his claim on the merits.
 
 III. VALIDITY OF FORFEITURE
 A. FORFEITURE UNDER 21 U.S.C. § 853
 
 7
 Galloway first claims that the district court erred in requiring the forfeiture of his residence under 21 U.S.C. § 853. Galloway cites a 1984 amendment to § 853(a) which says: "In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds." Galloway asserts that the court did not make a finding as to the amount of profits obtained through his illegal drug sales and that the substitution of the $70,000 equity in his house is over twice the amount of proceeds from his drug related crimes.[1] This contention is factually incorrect and wholly without merit. The court correctly found that requiring the forfeiture of Galloway's $70,000 residence in lieu of a fine of up to $2,000,000 was well within the fine range allowed by the guidelines and in fact was at the low end of the fine range. Furthermore, 21 U.S.C. § 853(a)(2) allows the government to seek the forfeiture of any property used to "commit" or to "facilitate" the commission of a covered drug offense.
 
 
 8
 When we review a district court's factual findings we use a "clearly erroneous" standard of review. United States v. White, 985 F.2d 271, 274 (6th Cir.1993). In a criminal forfeiture case pursuant to 21 U.S.C. § 853(a)(2), the government need only prove by a preponderance of the evidence that the property was used to commit or facilitate the commission of a drug offense. United States v. Smith, 966 F.2d 1045, 1052 (6th Cir.1992). The record below clearly demonstrates that Galloway used his residence as the base of his drug dealing operations. We find no error in the lower court's decision to allow the forfeiture of Galloway's residence under 28 U.S.C. § 853(a)(2).
 
 B. EXCESSIVE FINE ISSUE
 
 9
 Galloway argues further, based on his inaccurate view of the facts, that the forfeiture of his $70,000 residence constitutes an "excessive fine" under the Eighth Amendment. The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Both civil and criminal forfeitures for violation of criminal laws are subject to the Excessive Fines Clause of the Eighth Amendment. " 'It is commonly understood that civil proceedings may advance punitive and remedial goals, and, conversely, that both punitive and remedial goals may be served by criminal penalties.' " Austin v. United States, 509 U.S. 602, 610 (1993) (quoting United States v. Halper, 490 U.S. 435, 447 (1989)).
 
 
 10
 The Supreme Court has declined to establish a standard for determining whether a forfeiture is constitutionally excessive. Austin v. United States, 509 U.S. at 622. The Court has held, on the other hand, that while criminal forfeiture could be the equivalent of a fine pursuant to the Excessive Fines Clause of the Eighth Amendment, the lower courts must determine whether or not the forfeiture was excessive. Alexander v. United States, 509 U.S. 544, 559 (1993).
 
 
 11
 While this court has not established a single test to determine whether or not a forfeiture is an excessive fine under the Eighth Amendment, we have instructed a reviewing court to employ elements of both a proportionality test and an instrumentality test. United States v. 11869 Westshore Drive, 70 F.3d 923, 930 (6th Cir.1995). See also United States v. 429 South Main Street, 52 F.3d 1416, 1423-1424 (6th Cir.1995) (applying both tests).
 
 
 12
 The proportionality test or "value analysis" test as set forth in 11869 Westshore Drive is derived from the Supreme Court's holding in Solem v. Helm, 463 U.S. 277, 289-292 (1983). This test requires a court to compare the value of the fine imposed with the value of the property involved in the offense. In the present case, Galloway was held responsible for two to three and one-half kilograms of cocaine. Based on the then-current per kilogram price ranging from $25,000 to $35,000, the market value of the cocaine would range between a low of $50,000 and a high of $122,500. Trial Tr. at 19. The forfeiture of Galloway's $70,000 home was therefore proportionate to the market value of the cocaine for which Galloway was held responsible.
 
 
 13
 The forfeiture of Galloway's house also passes the "instrumentality" test. In 429 South Main Street, this court also applied the instrumentality test. As explained by the Fourth Circuit in United States v. Chandler, 36 F.3d 358 (4th Cir.1994), cert. denied, 115 S.Ct. 1792 (1995), this test consists of three parts: "(1) the nexus between the offense and the property and the extent of the property's role in the offense, (2) the role and culpability of the owner, and (3) the possibility of separating offending property that can readily be separated from the remainder." Id. at 365.
 
 
 14
 In the present case a clear nexus existed between the Galloway property and the offense. Several controlled purchases and direct purchases of cocaine took place at Galloway's residence. Galloway conducted his drug business from the privacy of his own home. Galloway not only met buyers and sold the drugs from his home, but kept drugs and drug proceeds stored there as well. There was an integral relationship between Galloway's home and the successful operation of his drug dealings. And finally, in relation to the third Chandler element, no possibility exists of separating the offending property from non-offending property. In the present case, Galloway's residence was used as one unit in the commission of the offense. Drug deals occurred both inside and outside the house, the house was used to conceal the cocaine, and a large amount of drug proceeds was stored at the house.
 
 
 15
 In conclusion, Galloway's challenges to the district court's order compelling the forfeiture of his residence are meritless. We therefore AFFIRM.
 
 
 
 [1]
 The parties stipulated that Galloway would be held accountable for two to three and one-half kilograms of cocaine for sentencing purposes, for which he was given an offense level of 28 (reduced three points to level 25 for acceptance of responsibility) with a criminal history category of I. Yet, Galloway seemingly argues that the court should find him responsible for only the 10 ounces of cocaine which he sold to the government informant. The 1994 edition of the Sentencing Guidelines Manual allows a fine of $12,500 to $2,000,000 for Galloway's offense level. See §§ 5E1.2(c)(1), (c)(4)(A); 21 U.S.C. § 841(b)(1)(B)(ii)