**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Santarrow D. RUSSELL, Defendant–Appellant.**

**No. 01–3102.**

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.*

Santarrow D. Russell, a federal prisoner, appeals the district court's judgment,

imposed following his conviction for conspiracy to distribute and to possess with intent to distribute powder cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 846 and 841(a)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Russell was indicted, along with five co-defendants, on the conspiracy count described above and one count of criminal forfeiture. A jury found him guilty as charged on September 19, 2000. The district court sentenced Russell on January 5, 2001, to 360 months in prison and five years of supervised release. This sentence was based upon a total offense level of 42 and a criminal history category of I, resulting in a guidelines sentencing range of 360 months to life. The judgment was entered on January 26, 2001.

Russell's court-appointed counsel has filed a brief on appeal and also a motion to withdraw, citing *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did raise the following issues: (1) the trial court lacked jurisdiction over the offense where the indictment did not list all elements of the offense as required by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) the defendant was convicted in violation of the Speedy Trial Act; and (3) trial counsel rendered ineffective assistance by failing to call witnesses as requested, by failing to move for acquittal or for dismissal due to lack of jurisdiction, and by failing to move for dismissal due to a violation of his right to speedy trial. Russell was notified of his

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

right to respond to his attorney's *Anders* brief and he filed a pro se brief raising an additional issue: (4) the trial court lacked subject matter jurisdiction because the alleged offense did not take place on federal territory. Because some of the issues raised by counsel were not clearly lacking in merit, the government was requested to file a brief in this case.

Upon review, we deny counsel's motion to withdraw because she has raised at least one meritorious issue that requires a remand to the district court for resentencing. We affirm Russell's conviction for conspiracy to distribute and to possess with intent to distribute cocaine. However, we vacate his sentence and remand the case so that Russell may be resentenced within the statutory maximum of 20 years.

Russell, through counsel, first argues that the district court lacked jurisdiction to impose any penalty upon his conviction because he was charged with violating only §§ 841(a)(1) and 846, not with violating § 841(b). The district court's determination of subject matter jurisdiction is reviewed *de novo*. *Mullis v. United States*, 230 F.3d 215, 217 (6th Cir.2000). Russell's argument is clearly without merit. Subsection 841(b) does not state a substantive offense which may be violated, but expressly provides that "any person who violates subsection (a) of this section *shall* be sentenced as follows. . . ." (emphasis added). Thus, once the court properly exercised its jurisdiction to convict Russell of offenses under §§ 841(a)(1) and 846, it properly sentenced him according to statute. *See United States v. Walker*, 160 F.3d 1078, 1092 (6th Cir.1998).

■ The government concedes, however, that Russell's *Apprendi* challenge to his 360–month sentence is meritorious. The Supreme Court held, in *Apprendi*, that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. This issue was raised at sentencing, where the district court also noted that the statutory maximum that could be imposed, absent the jury's finding of a specific drug quantity, was 20 years. · However, the court then proceeded to sentence Russell to 360 months—ten years over the statutory maximum. Thus, we vacate Russell's sentence and remand the case so that the district court may resentence Russell within the 20–year statutory maximum found in § 841(b)(1)(C). *See United States v. Ramirez*, 242 F.3d 348, 352 (6th Cir.2001).

Russell next claims that his conviction violated the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* This court reviews for clear error any factual findings made in the course of ruling on a motion under the Speedy Trial Act, but reviews legal questions *de novo*. *United States v. Thomas*, 111 F.3d 426, 428 (6th Cir.1997).

The Speedy Trial Act "requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or the date he first appears in court, whichever date last occurs." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir.1996). However, this time period is subject to excludable delays attributable to, *inter alia*, motions filed by the defendant or his codefendants. 18 U.S.C. § 3161(h)(1)-(8). A defendant must move for dismissal for a violation of the Speedy Trial Act prior to trial or entry of a plea of guilty or else the issue is waived. 18 U.S.C. § 3162(a)(2). The same subsection provides that the defendant bears the burden of proof of supporting the motion, but the government bears the burden of going forward with the evidence in connection with any exclusion of time under § 3161(h)(3).

■ Because Russell failed to move for dismissal under the Speedy Trial Act prior to trial, this issue is waived. *See United States v. White*, 985 F.2d 271, 275 (6th Cir.1993). In any event, there was no violation. The government has met its burden to show that only 47 non-excludable days passed between the arraignment of Russell's last codefendant and the commencement of the trial.

Russell also argues that trial counsel rendered ineffective assistance by failing to call witnesses as requested and in failing to move for dismissal or acquittal due to lack of jurisdiction or violation of the Speedy Trial Act. To demonstrate ineffective assistance of counsel, Russell must show that counsel's performance was seriously deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Generally, a claim of ineffective assistance of counsel is not cognizable on direct appeal because the record is inadequate to permit review; therefore, it is more properly brought in a motion to vacate under 28 U.S.C. § 2255. *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir.1996). However, if the record is adequate, this court may elect to review the issue on direct appeal. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995).

We conclude that the record in this case is adequate to review and reject Russell's claim of ineffective assistance of counsel insofar as the claim is based on counsel's failure to obtain an acquittal or dismissal based upon lack of jurisdiction or violation of the Speedy Trial Act. Russell cannot show prejudice to his defense due to those alleged deficiencies because jurisdiction was proper and there was no speedy trial violation as explained elsewhere in this order.

Russell also complains that counsel did not call witnesses on his behalf as requested. When he raised that issue during trial, counsel explained to the court that she discussed each witness with Russell and explained why it would not be prudent to call them. The government asserts that this exchange is enough to reject this basis for Russell's ineffective assistance claim because counsel's decision not to call the witnesses was a matter of trial strategy. However, we find that this brief exchange is insufficient for meaningful review. It is true that an attorney's tactical decisions are a matter of trial strategy and are difficult to attack. *See McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir.1996). Nonetheless, "despite the strong presumption that defense counsel's decisions are guided by sound trial strategy, it is not sufficient for counsel to merely articulate a reason for an act or omission alleged to constitute ineffective assistance of counsel. The trial strategy itself must be objectively reasonable." *Miller v. Francis*, 269 F.3d 609, 615–16 (6th Cir.2001) (*citing Strickland*, 466 U.S. at 681, 104 S.Ct. 2052). The record in this case is silent as to *why* Russell's attorney thought it would not be prudent to call witnesses on Russell's behalf. Consequently, we decline to address this issue at this time.

■ Finally, Russell asserts in his pro se brief that the district court lacked subject matter jurisdiction over his offense because it occurred on private property within the state of Ohio, not on federal territory. This argument is patently meritless. Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the states is not a prerequisite to exercise that jurisdiction. *See United States v. Sitton*, 968 F.2d 947, 953 (9th Cir.1992); *United States v. Allen*, 954 F.2d 1160, .1165–66 (6th Cir.1992).

**352**

Moreover, Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed. *See United States v. Mundt*, 29 F.3d 233, 237 (6th Cir.1994).

Accordingly, counsel's motion to withdraw is denied. Russell's conviction is affirmed, but the district court's judgment is vacated and the case remanded so that Russell may be resentenced within the statutory maximum found in 21 U.S.C. § 841(b)(1)(C).