**UNITED STATES of America**
Plaintiff–Appellee,

v.

**Jermaine PEARSON Defendant–
Appellant.**

**No. 00–1871.**

United States Court of Appeals,
Sixth Circuit.

March 1, 2002.

Before MARTIN, Chief Circuit Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.*

PER CURIAM.

Jermaine Pearson appeals his sentence on a plea of guilty to aiding and abetting bank robbery. The district court sentenced Pearson to eight years, one month in prison, followed by three years of supervised release. Pearson argues that the district court erred in his sentencing calculation under the United States Sentencing Guidelines by (1) not reducing his sentence by two levels under the "minor participant" provision, (2) enhancing his sentence by two levels for his obstruction of justice, and (3) not allowing him a two-level sentence reduction for his acceptance of responsibility. Pearson also argues that the disparity between his sentence and his codefendant's sentence is unfair. For the foregoing reasons, we AFFIRM Pearson's sentence.

I.

On August 3, 1999, Pearson told codefendant, Charles Claude Perkins, that he needed $800.00 to pay his girlfriend's rent. Otherwise, he and his girlfriend would be evicted. Perkins also needed money; he owed $5000.00 for a drug debt, and feared he would be killed if he failed to pay it.

Pearson and Perkins decided to procure the money they needed by robbing the Ameribank located at 675 68th Street, Cutlerville, Michigan. To prepare for the robbery, they picked up clothes and a gun at the house of Perkin's cousin. Then they drove to the parking lot at the Family Fare grocery store near the Ameribank to scope out the area. They scouted the area for approximately forty minutes, and then picked up Pearson's girlfriend. Ms. Chanel Malone, from work. After they picked her up, they returned to the lot. Malone knew nothing of Pearson and Perkins's plan to rob the bank.

As Perkins got out of the car, Pearson asked him if he had the gun. Armed with the gun, Perkins entered the Ameribank while Pearson drove to a nearby cul-de-sac, just south of the bank. Perkins robbed the bank, holding the teller at gun point, and then fled to the cul-de-sac where Pearson was waiting for him. While Pearson drove to Malone's home, Perkins hid in the back seat. They count-

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

ed the money at Malone's, and Pearson kept $1000.00.

The district court determined the foregoing facts to be true after it evaluated the testimony and evidence submitted at the sentencing hearing. Perkins told a different story; a story that the district court found far-fetched and implausible given the contradictory testimony and evidence. Pearson claims that he did not know that Perkins was about to rob the Ameribank, nor was he aware that Perkins was armed with a gun. However, once he saw Perkins walking into the Ameribank he assumed that Perkins was going to rob it. Out of loyalty to Perkins, Pearson waited for him until he returned to the car. When they got back to Malone's, Pearson refused to take any of the proceeds.

On August 6, 1999, Pearson was arrested. At the time of the arrest, the United States moved that he be detained pending trial. One of the bases for detention was concern for Malone's safety. During the past two years, Pearson had been investigated for five incidences of domestic violence involving his girlfriends, which included one incident involving Malone. After a hearing, Pearson was released under the condition that he have no contact with Malone or any other witness, and that he be electronically tethered to his mother's home. On August 11, the grand jury indicted Pearson for robbing the Ameribank.

Ten days after Pearson's release from detention, the United States filed an *ex parte* memorandum to revoke bond at the request of the pretrial services officer because Pearson had not remained at his home as ordered by the court, and he had called Malone several times. On the phone, Pearson told Malone that he would have someone kill her if she testified against him. Pearson's threats frightened her because he had beaten her countless times in the past.

Pearson was arrested on a bench warrant on August 25. On August 26, the magistrate judge conducted a bond revocation hearing and ordered Pearson detained pending trial.

Pearson was placed in the same cell as Perkins at the Newaygo County Jail. At that point, Pearson threatened to hurt Perkins if he testified against him. Fearful of Pearson's threats, Perkins agreed to write a letter falsely exonerating Pearson which Pearson dictated. Later Perkins begged the correctional officers to transfer him to a different cell because he felt intimidated by Pearson. Perkins also attempted to retrieve the letter from Pearson, but was unsuccessful. Pearson sent the letter to his mother for safe keeping. However, the letter disappeared soon after his mother learned from the Federal Bureau of Investigation that the letter could be used against Pearson.

Pearson denies threatening Malone and Perkins. Given the evidence and testimony to the contrary, the district court found his denials false.

On September 23, the grand jury issued a superseding indictment. The six-count indictment charged Pearson with five offenses: (1) conspiracy to rob a bank, (2) robbing and aiding and abetting the robbery of a bank, (3) concealing a felony, (4) attempting to intimidate, threaten, and corruptly persuade Malone with the intent to influence and prevent her testimony in a pending case, and (5) attempting to intimidate, threaten, and corruptly persuade Perkins with the intent to influence and prevent his testimony in a pending case.

On December 16, Pearson pleaded guilty to count three of the superseding indictment which charged him with aiding and abetting the Ameribank robbery.

At the sentencing hearing on July 14, 2000, the district court determined that Pearson was not a "minor participant" in the bank robbery and therefore was not entitled to a sentence reduction under section 3B1.2(b) of the Sentencing Guidelines. Also, because the district court determined that Pearson had threatened witnesses, it enhanced Pearson's sentence by two levels for his obstruction of justice. U.S.S.G. § 3C1.1. Finally, it denied Pearson a two-level sentence reduction for acceptance of responsibility because it determined that he continued to falsely deny his conduct, and therefore, had not accepted responsibility for his crimes. U.S.S.G. § 3E1.1. This resulted in a guideline range of six years, six months to eight years, one month of imprisonment. The district court sentenced Pearson to eight years, one month, followed by three years supervised release. In contrast, the district court found that Perkins accepted responsibility for the bank robbery and allowed him a two-level sentence reduction. This resulted in a guideline range for Perkins of three years, ten months to four years, nine months of imprisonment. The district court sentenced Perkins to three years, ten months.

## II.

### A.

■ The first issue is whether the district court erred by refusing to reduce Pearson's sentence by two levels because it determined he was not a "minor participant" in the bank robbery. The district court's determination that Pearson was not a "minor participant" is a factual finding reviewed for clear error. *United States v. White*, 985 F.2d 271, 274 (6th Cir.1993).

■ At sentencing, the defendant has the burden of proving by a preponderance of the evidence that there are mitigating factors which entitle him to a Guideline decrease as a "minor participant." *Id.* A "minor participant" in a crime can receive a two-level reduction in his sentence. U.S.S.G § 3B1.2. We have determined that a "minor participant" adjustment is not appropriate unless the defendant proves that he was *"substantially* less culpable than the average participant." *United States v. Miller*, 56 F.3d 719, 720–721 (6th Cir.1995). We have made it clear that a defendant is not "automatically entitled to a minor participant reduction simply because [another defendant] could have been deemed more culpable." *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995).

Pearson argues that the district court committed clear error when it determined that he was not a minor participant. Pearson's argument is meritless. He merely reiterates his version of the robbery, a version the district court found far-fetched. The district court determined that Pearson had an integral role in the robbery, and had failed to prove by a preponderance of the evidence that he was *"substantially* less culpable than the average participant." We have no reason to find the district court's determination that Pearson was not a "minor participant" clearly erroneous.

### B.

The second issue is whether the district court properly enhanced Pearson's sentence by two levels for obstruction of justice. We find the enhancement proper.

■ In reviewing a two-level enhancement of a sentence for obstruction of justice under section 3C1.1, first we review the district court's findings of fact under the clearly erroneous standard. *United States v. McDonald*, 165 F.3d 1032, 1034 (6th Cir.1999). Then, we review *de novo* whether the facts constitute an obstruction

of justice. *Id.* If we find that the facts constitute an obstruction of justice, then the sentence must be enhanced. *Id.*

The first question is whether the district court erroneously determined that Pearson threatened witnesses. It did not. Again, Pearson simply denies that he threatened witnesses. The district court found the countervailing evidence to prove otherwise. Pearson offers us no reason to find the district court's factual findings clearly erroneous.

The next question is whether Pearson's threats to eye witnesses constitutes an obstruction of justice. It does. The Sentencing Guidelines mandates a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant case." U.S.S.G § 3C1.1. We have consistently held that a defendant's attempt to affect the testimony or evidence against him is an obstruction of justice. *United States v. Waldon,* 206 F.3d 597, 608 (6th Cir.2000) (holding an obstruction of justice where defendant asked a friend to report his car stolen); *United States v. Moss,* 9 F.3d 543, 553–554 (6th Cir.1993) (a solicitation of a bribe to alter a witness's testimony is obstruction); *United States v. Van Shutters,* 163 F.3d 331, 339–40 (6th Cir.1998) (a defendant's request to a friend that she destroy evidence is obstruction).

Because section 3.1C1 mandates that Pearson's sentence be enhanced by two levels if he obstructed justice, the district court properly enhanced his sentence. *McDonald,* 165 F.3d at 1034.

## C.

■ The third issue is whether the district court erred by refusing to allow Pearson a sentence reduction for acceptance of responsibility. We review a district court's decision to grant or deny an acceptance of responsibility reduction under the clearly erroneous standard. *United States v. Luster,* 889 F.2d 1523, 1525 (6th Cir. 1989).

■ The Sentencing Guidelines allows a district court to reduce the defendant's sentence by two levels "if the defendant clearly demonstrates acceptance of responsibility" for the crimes he committed. U.S.S.G § 3E1.1. In determining whether a defendant accepts responsibility, the district court considers whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] ... any additional relevant conduct." U.S.S.G. § 3E1.1, app. note 1(a). However, should the district court determine that the defendant "falsely denies, or frivolously contests, relevant conduct that the court determines to be true, [the defendant] has acted in a manner inconsistent with acceptance of responsibility." *Id.*

The district court determined that Pearson did not truthfully admit relevant conduct and frivolously denied conduct determined to be true. Pearson denied planning the bank robbery. He denied that he threatened Malone. He denied that he threatened Perkins into writing a letter falsely exonerating himself from the robbery. The court determined all this conduct to have occurred. The district court, therefore, determined that Pearson had not accepted responsibility and should not receive an acceptance of responsibility reduction. This determination is not clearly erroneous.

## D.

■ Pearson also contests the fairness of the four year, three month disparity between his sentence and Perkins's sentence. However, when a sentence falls

within the guideline range, as it does in this case, we have no jurisdiction to review it. *U.S. v. Lovins*, 993 F.2d 1244, 1245–46 (6th Cir.1993) ("Absent ... legal error in the formulation of a sentence, this court has no jurisdiction to review sentences within the guideline range.").

### III.

For the foregoing reasons, we AFFIRM Pearson's sentence.