**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul TINSON, Defendant–Appellant.**

No. 92–3631.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 30, 1993.

Decided May 4, 1994.

Roger S. Bamberger, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Cleveland, OH, for plaintiff-appellee.

Thomas G. Longo (argued and briefed), Cleveland, OH, for defendant-appellant.

Before: KENNEDY, SILER and BATCHELDER, Circuit Judges.

SILER, Circuit Judge.

Defendant Paul Tinson appeals his conviction for possession with intent to distribute cocaine base, arguing that his Speedy Trial Act rights were violated, that his Sixth Amendment right to a speedy trial was violated, and that the district court erred in refusing to accept his guilty plea. We affirm.

### Background

On March 2, 1990, members of a multi-agency drug task force executed a search warrant at an apartment in Cleveland, Ohio. Inside the apartment, they arrested Tinson, Clifton Cameron, John Jones, and Mona Jones, and found about forty grams of crack cocaine, cash, scales, and additional drug paraphernalia. On March 21, 1990, Tinson and the others were indicted for possession with intent to distribute crack cocaine, in violation

of 21 U.S.C. § 841(a)(1).[1] Tinson and Cameron had motions pending before the district court between April 3, 1990, and August 14, 1990. Then, on August 30, 1990, the district court issued a blanket order staying all criminal and civil trials. In this case, the court found that, due to an intentional and impermissible jury selection practice, "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The government filed a motion to advance the case to trial on September 21, 1990. This motion was denied on October 25, 1990.

On November 7, 1990, codefendant Cameron filed a motion to dismiss for violation of the Speedy Trial Act. Tinson filed an identical motion on November 21, 1990. Both motions were denied on December 11, 1990. In the meantime, on November 8, 1990, the district court lifted the "ends of justice" continuance. On December 19, 1990, a February 7, 1991, trial date was set. Trial began as scheduled but, on February 13, 1991, the district court declared a mistrial. The case was reassigned to another judge who, prior to trial, attempted to take Tinson's and Cameron's guilty pleas pursuant to an oral plea agreement. Cameron balked before Tinson had a chance to enter a plea and the court went forward with trial. Tinson was later convicted and sentenced to 97 months incarceration.

### Analysis

#### 1. The Speedy Trial Act.

 Tinson first claims that his Speedy Trial Act rights were violated. The Speedy Trial Act, 18 U.S.C. §§ 3161–3174, requires that a defendant be brought to trial within 70 days of his indictment or initial appearance in court, whichever is last. *Id.* at § 3161(c)(1). The Act also permits certain exclusions from the time computation. *Id.* at § 3161(h). In this case, it is undisputed that 28 days elapsed under the Act between March 21, 1990, and August 30, 1990; that the period between November 7, 1990, and December 11, 1990, was properly excluded from computation (pending motion); and that

the period between December 12, 1990, and December 19, 1990, was properly included in the computation. However, Tinson argues that the periods from August 30, 1990, to September 20, 1990; October 26, 1990, to November 6, 1990; and December 19, 1991, to the time of trial, should have been included. We review the district court's decisions in this regard for abuse of discretion. *United States v. Cianciola*, 920 F.2d 1295, 1301 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2830, 115 L.Ed.2d 1000 (1991).

 The district court may have abused its discretion in excluding the August 30 to September 20 and October 26 to November 6 periods, which fell during the pendency of the "ends of justice" continuance, because it entered the blanket order without consulting counsel. However, even if these periods are included in the Speedy Trial Act computation, bringing the time elapsed under the Act to 58 days, the temporal strictures of the Act would not be violated. Moreover, a defendant who claims that the district court abused its discretion in granting an excludable continuance must demonstrate actual prejudice in order to obtain reversal. *Id.* Tinson has not demonstrated prejudice. For these reasons, any error in granting the continuance was harmless.

Tinson waived his claim that the district court erred in excluding the period between December 19, 1991, and trial. "[I]n the precincts patrolled by the Speedy Trial Act, a motion for dismissal is effective only for periods of time which antedate the filing of the motion." *United States v. Connor*, 926 F.2d 81, 84 (1st Cir.1991). Thus, "[t]he right to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss." *United States v. Wirsing*, 867 F.2d 1227, 1230 (9th Cir.1989). Tinson filed his motion to dismiss on November 21, 1990, when no more than 58 days had elapsed under the Act. The motion was denied on December 11, 1990, and Tinson did not thereafter renew it. Therefore, Tinson cannot argue "that the speedy trial clock should have kept ticking during the [challenged]

---

1. Plea agreements were eventually worked out in the cases against John Jones and Mona Jones.

interval," *Connor*, 926 F.2d at 84, and his Speedy Trial Act claim fails.

### 2. *Other claims.*

■ Tinson also argues that his Sixth Amendment right to a speedy trial was violated. In considering this issue, we balance the length of delay, the reason for the delay, whether and how the defendant asserted his speedy trial right, and the amount of prejudice suffered by the defendant. *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) (citing *Barker v. Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972)). Here, the time of "actual delay" (*i.e.*, the time during which Tinson and Cameron were not complicit in the delay) was inexcessive. *See White*, 985 F.2d at 275. Furthermore, nothing indicates that "the government was attempting to gain a tactical advantage" through delay. *Id.* Lastly, even assuming that Tinson asserted his speedy trial right in a manner sufficient for this factor to favor him, he has not shown that he suffered "substantial prejudice" as a result of the delay. *See id.* at 275–76. Therefore, Tinson's Sixth Amendment claim cannot stand. *See id.*

■ Finally, Tinson argues that the district court erred in failing to accept his guilty plea. The decision whether to accept a plea falls within the " 'exercise of sound judicial discretion.' " *United States v. Moore*, 916 F.2d 1131, 1136 (6th Cir.1990) (quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971)). In this case, Tinson wanted to plead under an agreement requiring that both he and Cameron plead guilty. When Cameron refused to do so, this condition could not be met and the district court proceeded to trial without attempting to take Tinson's plea. Under these circumstances, there was no error. Moreover, even if the district court erred, such error would be harmless because Tinson "was ultimately convicted of precisely the same charge to which he attempted to plead guilty." *United States v. Washington*, 969 F.2d 1073, 1079 (D.C.Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1287, 122 L.Ed.2d 679 (1993). Tinson disputes the conclusion that such an error would be harmless,

asserting that he would have received a shorter sentence if he had pled guilty under the plea agreement. However, though the agreement recommended a shorter sentence, it was not binding on the district court. *See* Fed.R.Civ.P. 11(e)(2).

AFFIRMED.