54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John Mackenzie TAYLOR, Petitioner-Appellant,
v.
Robert E. LECUREUX, Respondent-Appellee.
 No. 94-2239.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 John Mackenzie Taylor, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In February 1986, a jury convicted Taylor of first degree criminal sexual conduct, and he pleaded guilty to being an habitual offender. Following a very protracted state procedural history, Taylor was sentenced to 50 to 100 years of imprisonment.
 
 
 4
 In his petition for habeas corpus relief and his amended petition, Taylor argued that: 1) the trial judge improperly engaged in ex parte communication with the jury when he instructed the jury regarding the "time and place" of the crime; 2) the court violated his right to a speedy trial; 3) withdrawal of blood samples from petitioner violated his Fifth Amendment privilege against self-incrimination; 4) the court erroneously admitted evidence of blood test results; 5) the court denied petitioner's right of confrontation by excluding evidence of the victim's prior sexual history; 6) the prosecutor improperly failed to investigate an alleged police report indicating prior sexual assaults on the victim; 7) the evidence was insufficient to support his conviction; 8) Michigan's criminal sexual conduct law is unconstitutional; 9) trial counsel rendered ineffective assistance; and 10) appellate counsel rendered ineffective assistance.
 
 
 5
 Upon review, the district court concluded that Taylor had not exhausted his state court remedies. Specifically, the district court determined that Taylor had not presented claims 1, 2, 4 or 6 in the state courts as federal constitutional claims, and that he had not presented claim 7 in his appeal to the Michigan Supreme Court or in his appeals following the trial court's denial of his motion for relief from judgment. Nonetheless, the district court dismissed Taylor's petition as without merit because the non-exhausted claims are either state law claims or frivolous. On appeal, Taylor raises the same claims, except for claims 3 and 5. Taylor also moves for the appointment of counsel.
 
 
 6
 Initially, we note that Taylor has abandoned his claims enumerated 3 and 5 above. Issues raised in the district court, but not on appeal are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 112 S. Ct. 1481 (1992).
 
 
 7
 The district court properly denied Taylor's petition for habeas corpus relief because Taylor has not shown that the proceedings against him were fundamentally unfair. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993).
 
 
 8
 We note that the district court properly considered the merits of Taylor's claims. Generally, a district court must dismiss a habeas petition containing claims that were not exhausted in the state courts. Rose v. Lundy, 455 U.S. 509, 510 (1982). However, it is appropriate in some cases for the federal courts to address the merits of the habeas petition notwithstanding the lack of complete exhaustion. Castille v. Peoples, 489 U.S. 346, 349 (1989). A federal court may resolve a habeas petition on the merits when the grounds for relief are without merit or are not cognizable on habeas review. Cain v. Redman, 947 F.2d 817, 820 (6th Cir. 1991), cert. denied, 503 U.S. 922 (1992). Here, the district court properly addressed the merits of Taylor's claims because, as established below, the claims are either state law claims or without merit.
 
 
 9
 The Michigan Court of Appeals' summary of the facts regarding Taylor's claims, particularly claims 1, 4 and 9, is presumed correct. Pursuant to 28 U.S.C. Sec. 2254(d), the federal courts should presume a state trial or appellate court's statement of facts is correct unless one or more of the eight enumerated statutory conditions set forth therein are present. Sumner v. Mata, 455 U.S. 591, 592-93 (1982) (per curiam); Loveday v. Davis, 697 F.2d 135, 139-40 (6th Cir. 1983). The statute itself places the burden on the petitioner to show by convincing evidence that those facts are not fairly supported by the record. See 28 U.S.C. Sec. 2254(d); Smith v. Jago, 888 F.2d 399, 407 (6th Cir. 1989), cert. denied, 495 U.S. 961 (1990). Here, Taylor has not even attempted to meet his burden of establishing that any of the enumerated statutory conditions are present.
 
 
 10
 Taylor's first claim is without merit as the trial judge's communication with the jury was not critical to the outcome of the case, nor did it improperly affect the verdict because the supplemental instruction was accurate. See C.J.I. 4:12:01(2); Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993). Taylor has not established entitlement to relief under the Sixth Amendment right to a speedy trial as he has not shown that he was substantially prejudiced by the length of the delay or the reasons for the delay. See Doggett v. United States, 112 S. Ct. 2686, 2690 (1992); Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Tinson, 23 F.3d 1010, 1013 (6th Cir. 1994). To the extent that Taylor raises a claim of excessive preindictment delay, he is not entitled to relief because he has not even alleged that the state had no valid reason for the alleged delay or that the state sought some tactical advantage through the delay. See United States v. DeClue, 899 F.2d 1465, 1468 (6th Cir. 1990).
 
 
 11
 Taylor's claim regarding the admission of the blood test results is not cognizable in federal habeas review as it merely presents an issue of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Nonetheless, the trial judge's admission of the blood test results did not render Taylor's trial fundamentally unfair, as the results were relevant to show a connection between Taylor and the criminal act. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988); Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.), cert. denied, 484 U.S. 988 (1987).
 
 
 12
 The prosecutor's failure to investigate an alleged police report implicating someone else in the rape did not deny Taylor a fundamentally fair trial as there was no evidence that such a report ever existed. See Donnelly v. DeChristoforo, 416 U.S. 637, 644-45 (1974). The victim's testimony that Taylor raped her when she was twelve, as well as his admission to another witness that he committed the crime were sufficient evidence to support Taylor's conviction. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Taylor's claim that Michigan's laws regarding criminal sexual conduct were adopted contrary to the Michigan Constitution is not cognizable in federal habeas review as it merely presents an issue of state law. See Estelle, 502 U.S. at 67-68.
 
 
 13
 Finally, Taylor's trial and appellate counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). First, because Taylor agreed to stipulate to the reliability of the various tests, he is precluded from challenging his trial counsel's strategy on this ground. See, e.g., Wiley v. Sowders, 669 F.2d 386, 389 (6th Cir. 1982) (per curiam). Second, trial counsel was not ineffective when he did not object to the victim's brother's testimony, because the statement is admissible under the excited utterance exception to the hearsay rule. See Fed. R. Evid. 803(2); Haggins v. Warden, Fort Pillow State Farm, 715 F.2d 1050, 1057 (6th Cir. 1983), cert. denied, 464 U.S. 1071 (1984). The court cannot determine whether trial counsel's conduct produced any unjust result with regards to Taylor's claim that counsel was ineffective when he did not object to the trial court's instructions, as Taylor has not identified the specific jury instructions or the grounds upon which counsel should have objected. Finally, trial counsel's failure to cross-examine as to the victim's prior sexual history was proper because such evidence is generally inadmissible. See M.C.L. 750.520(j).
 
 
 14
 Taylor's appellate counsel also rendered effective assistance as he was not required to advance every nonfrivolous argument or defense. See United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). The court cannot determine the appropriateness of appellate counsel's conduct with regards to Taylor's claim that his appellate counsel did not adequately support his allegations of error as Taylor did not identify the alleged errors that counsel should have supported or how counsel should have documented the alleged errors, nor did he indicate how this lack of documentation prejudiced his defense.
 
 
 15
 For the foregoing reasons, we hereby deny the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation