81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alex TOKAREVICH, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3755.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: KEITH, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Alex Tokarevich, Sr., appeals pro se from a district court judgment that denied a second motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Tokarevich was convicted of distributing Dilaudid in violation of 21 U.S.C. § 841(a)(1). His convictions were based on prescriptions that he had written as a psychiatrist for an undercover agent, without having a reasonable medical justification for doing so. On August 6, 1992, the district court sentenced Tokarevich to an aggregate term of 51 months of incarceration and three years of supervised release, as well as a $7500 fine. This judgment was affirmed on direct appeal. The district court subsequently denied Tokarevich's first § 2255 motion because it lacked substantive merit.
 
 
 3
 In his current motion, Tokarevich alleged that he was denied the effective assistance of counsel because: 1) appellate counsel failed to raise a speedy trial issue; 2) appellate counsel failed to argue that the defense had been denied access to the agent's personnel file; 3) trial counsel allowed transcripts and copies of original audio recordings to be submitted to the jury and appellate counsel failed to raise this issue on appeal; 4) appellate counsel failed to argue that the trial court had improperly admitted opinion evidence; and 5) appellate counsel failed to argue that the court's instruction on entrapment had been erroneous. On June 7, 1995, the district court dismissed this motion as an abuse of the writ under Rule 9(b) of the Rules Governing § 2255 Proceedings. It is from this judgment that Tokarevich now appeals.
 
 
 4
 The denial of Tokarevich's second § 2255 motion under Rule 9(b) is reviewed on appeal for abuse of discretion. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). When confronted with a successive motion under Rule 9(b), the district court may dismiss any claims that have already been determined on the merits in a prior motion. It may also dismiss new or different claims for relief if the petitioner does not show cause for his failure to raise them in a prior motion and resultant prejudice. McCleskey v. Zant, 499 U.S. 467, 494-95 (1991). However, the court may always reach the merits of such a motion if failure to do so would result in a fundamental miscarriage of justice. Id. at 495.
 
 
 5
 In the present case, the district court properly determined that Tokarevich's current claims were not considered on the merits in his first motion. The government fairly raised the issue of abuse of the writ. Thus, the burden shifted to Tokarevich to excuse his failure to raise these claims in his first motion. See id. at 494.
 
 
 6
 To establish cause, Tokarevich must show that "some objective factor external to the defense" prevented him from raising his current arguments in his first motion. See Murray v. Carrier, 477 U.S. 478, 488 (1986). However, Tokarevich has not raised any arguments on appeal that might be construed as an attempt to establish cause, and his failure to make a sufficient showing on this issue precludes review of the merits of his current motion. See McCleskey, 499 U.S. at 502; Murray, 477 U.S. at 494-95.
 
 
 7
 Nevertheless, we note that Tokarevich was not prejudiced because he has not established a violation of his Sixth Amendment right to counsel. To establish the ineffective assistance of trial counsel, Tokarevich must show that his attorney's performance was deficient and that he was prejudiced by counsel's errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A comparable test applies to claims that Tokarevich was denied the effective assistance of counsel on direct appeal. See Bowen v. Foltz, 763 F.2d 191, 194 (6th Cir.1985). In this regard, we note that appellate counsel does not have a constitutional duty to raise every non-frivolous issue. See Jones v. Barnes, 463 U.S. 745, 751 (1983); Bowen, 763 F.2d at 194 n. 4.
 
 
 8
 Tokarevich alleged that his attorney was ineffective on appeal because he did not argue that the trial court had erroneously relied on a waiver of his right to a speedy trial. This argument lacks merit because it could reasonably be argued that there was no violation of Tokarevich's right to a speedy trial, even if the disputed waiver is ignored. See 18 U.S.C. § 3161(h); United States v. Tinson, 23 F.3d 1010, 1012-13 (6th Cir.1994). It is also undisputed that Tokarevich filed a signed waiver of his right to a speedy trial before moving for dismissal based on the alleged violation of that right. Finally, there is no indication that Tokarevich was prejudiced by the delay, which arose primarily from his own pretrial motions.
 
 
 9
 Tokarevich also alleged that appellate counsel failed to argue that the trial court had not allowed the defense to review the undercover agent's personnel file. He maintains that inspection of the file might have supported an entrapment defense if it showed that the agent had used similar methods in other cases. However, the trial court conducted an en camera inspection of the file and determined that it did not contain any complaints. Thus, counsel reasonably declined to raise this speculative argument on appeal. See United States v. Driscoll, 970 F.2d 1472, 1482 (6th Cir.1992), cert. denied, 506 U.S. 1083 (1993).
 
 
 10
 Tokarevich alleged that trial counsel was ineffective because he allowed the jury to review transcripts and copies of recordings of his meetings with the agent, even though the original recordings were available, and that counsel should have raised this issue on appeal. These claims lack merit because Tokarevich has not raised a genuine issue as to the authenticity of the original recordings or cited circumstances that would make it unfair to submit copies of them. See Fed.R.Evid. 1003. Moreover, testimony regarding the accuracy of the disputed evidence was properly adduced from the agent under Fed.R.Evid. 901(b)(1).
 
 
 11
 Tokarevich alleged that appellate counsel should have argued that the trial court erred in allowing the agent to testify that he had received larger dosage prescriptions in return for money that he had ostensibly paid to Tokarevich for a cancelled appointment. This claim lacks merit because the agent's testimony merely reflects his understanding of the transaction. See Fed.R.Evid. 704(a).
 
 
 12
 Finally, Tokarevich alleged that appellate counsel should have argued that an erroneous jury instruction had been given on the defense of entrapment, because the trial court listed several factors that the jury could consider without specifying whether those factors weighed in favor of the prosecution or the defense. This claim lacks merit because the disputed instruction adequately and correctly advised the jury on the issue of entrapment. See United States v. Sherrod, 33 F.3d 723, 725-26 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995).
 
 
 13
 The district court did not abuse its discretion in denying the second § 2255 motion, and the court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.