RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0161p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

                                                    No. 11-3127

        *v.*

HOMER LEE RICHARDSON,
                              *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:08-cr-118-1—Sandra S. Beckwith, District Judge.

Decided and Filed: May 15, 2012[*]

Before: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; QUIST, Senior
District Judge.[**]

_____

**COUNSEL**

**ON BRIEF:** Charles E. McFarland, New Castle, Kentucky, for Appellant. Frank P. Cihlar, Gregory Victor Davis, Rita G. Calvin, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C. for Appellee.

_____

**OPINION**

_____

McKEAGUE, Circuit Judge. Defendant-Appellant Homer Richardson ("Richardson") appeals the district court's order denying his motion to dismiss based on the Speedy Trial Act. Richardson claims that the court failed to sufficiently justify its decision to exclude days stemming from six separate continuances from the speedy-trial

---

[*] This decision was originally issued as an "unpublished decision" filed on May 15, 2012. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Gordon J. Quist, United States Senior District Judge for the Western District of Michigan, sitting by designation.

clock pursuant to 18 U.S.C. § 3161(h)(7)(A).  For the reasons that follow, we **AFFIRM** the district court's order.

## I. BACKGROUND

During the late 1990s and early 2000s, Richardson promoted fraudulent trust products in connection with his employment at the Aegis Company.  He also interfered with Internal Revenue audits, aided in the filing of a false individual income tax return, and signed his own false tax returns.

Richardson, along with his co-defendant in this case, Robert Welti ("Welti"), and four others were previously indicted on April 7, 2005 for various violations of tax law. Richardson was charged with conspiracy to defraud the United States, aiding and assisting in the filing of a false income tax return, and three counts of filing a false income tax return.  Two of Richardson's co-defendants in that case pled guilty, but the district court dismissed the indictment without prejudice as to the other defendants (including Richardson) due to a violation of the Speedy Trial Act.

Richardson and Welti were indicted again on November 6, 2008.   Richardson was arraigned on December 1, 2008, and entered a plea of not guilty.  During the course of preparing for trial, numerous motions were filed on behalf of Richardson, and the case was continued six times. On June 23, 2010, Richardson filed a motion to dismiss due to a speedy trial violation, which was denied on June 28, 2010.  The same day, the district court accepted Richardson's conditional guilty plea under Federal Rule of Criminal Procedure 11(a)(2) in which he preserved the right to appeal the court's disposition as to his Speedy Trial Act claim.  Richardson conditionally pled guilty to (1) one count of obstructing or impeding the due administration of the IRS in violation of 26 U.S.C. § 7212(a); (2) one count of aiding and abetting the filing of a false income tax return in violation of 26 U.S.C. § 7206(2); and (3) three counts of filing false income tax returns in violation of 26 U.S.C. § 7206(1).  He was sentenced to 30 months' incarceration, each count to run concurrently, and was allowed to continue his release pending the outcome of his appeal.  This timely appeal followed.

## II. ANALYSIS

The Speedy Trial Act of 1974, 18 U.S.C. § 3161, requires that a criminal defendant's trial commence within seventy days after he is charged or makes an initial appearance, whichever is later, and entitles the defendant to dismissal of the charges if that deadline is not met. § 3161(c)(1). But because criminal cases vary widely, and there are valid reasons for delay in some cases, the Act excludes delays due to certain, enumerated events from the seventy-day period. § 3161(h); *Zedner v. United States*, 547 U.S. 489, 497–98 (2006). As relevant here, it excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

§ 3161(h)(7)(A). When granting such an ends-of-justice continuance, a district court should weigh factors such as whether a miscarriage of justice could result, the complexity of the case and time needed for preparation, and the continuity of counsel. § 3161(h)(7)(B).

But the Act also warns that a delay resulting from an ends-of-justice continuance will not be excludable from the seventy-day period "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(7)(A). It is upon this provision that Richardson relies.

Richardson argues that the district court did not properly form and articulate its reasons for excluding six continuances from the speedy-trial clock in the interests of justice. In *Zedner v. United States*, 547 U.S. at 506–508, the Supreme Court considered the statutory requirement that district courts place the reasoning behind ends-of-justice continuances on the record. The Court noted that

> [a]lthough the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted ... on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case." However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss.

*Id.* at 506–507. The court expressed that the best practice would be "for a district court to put its findings on the record at or near the time when it grants the continuance." *Id.* at 507 n.7. The Court held that, "without on-the-record findings, there can be no exclusion [pursuant to section 3161(h)(7)(A)]." *Id.* at 507. The district court in *Zedner* had not made any on-the-record findings at the time it granted the continuance, and so the Court held that the district court's later "passing reference to the case's complexity" when it denied the defendant's motion to dismiss would not suffice. *Id.* Richardson correctly asserts that *Zedner* underscores the statutory requirement that district courts make on-the-record findings to justify the decision to grant ends-of-justice continuances. However, for the reasons that follow, the district court in this case fulfilled that requirement.

A district court's legal interpretation of the Speedy Trial Act is subject to de novo review. *See, e.g.*, *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989). However, whether the district court has properly determined if certain days should be included or excluded from the trial clock is reviewed for an abuse of discretion. *United States v. Howard*, 218 F.3d 556, 563 (6th Cir. 2000); *see also United States v. Tinson*, 23 F.3d 1010, 1012 (6th Cir. 1994). Richardson argues that the district court improperly excluded days from the speedy-trial clock stemming from six continuances. We consider each continuance in turn.

## A. Ends-of-Justice Continuances

"To conduct a proper ends-of-justice analysis when granting a continuance, a district court must state in the record, either orally or in writing, its reasons for determining that granting the continuance outweighs the public's and the defendant's

interest in a speedy trial, based on the factors set forth in (h)(7)(B)." *United States v. Stone*, Nos.10-1748, 10-1753, 2012 WL 432251, at *3 (6th Cir. Feb. 13, 2012) (citing 18 U.S.C. § 3161(h)(7)(A)). "The court does not have to give its reasons contemporaneously with the grant of the continuance; it need only give the reasons no later than the ruling on the defendant's motion to dismiss on Speedy Trial Act grounds." *Id.* (citing *United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993)); *see also Zedner*, 547 U.S. at 507 n.7 (considering a contemporaneous statement to be "best practices"). In reviewing each continuance, we consider whether (1) the district court abused its discretion in finding that the continuance should be excluded; and (2) the district court properly placed its reasoning on the record. We find no abuse of discretion.

### 1. The January 7, 2009 Continuance

The trial was initially set for January 12, 2009. On December 17, 2008, Richardson, who was proceeding pro se at the time, moved for a continuance of the trial date. On December 31, 2008, Richardson asked to be represented by counsel, and the court made arrangements to appoint an attorney Richardson had chosen. The court suggested a trial date of March 30, 2009, and Richardson's newly appointed counsel indicated that he could be prepared by then. At the close of the conference, the court noted that the continuance was in the interest of justice for both Richardson and co-defendant Welti, stating "I will designate the period between now and the current trial date of March 30th as a period of delay that is in the interest of justice, and that the continuance outweighs the best interest of the public and the two defendants in this case in a speedy trial." (Page ID # 1768.) The court also noted that the documents were voluminous, but many of them were the same as the evidence produced in the first indictment. Richardson responded that his counsel needed time to review the documents. On January 7, 2009, the court entered an order stating that the delay was in the interests of justice because the defendants needed time to review the substantial evidence in the case.

"Defense counsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance." *Stone*, 2012 WL 432251, at \*3. Therefore, there is no abuse of discretion in subtracting this continuance from the speedy-trial clock. Furthermore, the court put its specific reasoning—that the defense needed time to review records and prepare for trial—on the record three separate times, so this ends-of-justice continuance was properly excluded from the speedy-trial clock. *Zedner*, 547 U.S. at 506–508.

*2. The March 16, 2009 Continuance*

On March 16, 2009, Richardson's counsel made an oral motion to continue the trial in order to further review discovery produced by the government. During this conference, Richardson's counsel stated that he was having various problems with discovery in the case. He stated that he was having problems obtaining discovery from Richardson's former counsel in the earlier case, he referenced the voluminous nature of the discovery, his trouble finding and obtaining certain discovery materials, the confusing ways in which certain discovery materials had been labeled, and trouble searching through discovery documents.

After listening to the various reasons Richardson's counsel set forth in support of the continuance, the court asked Richardson's counsel "[i]s the bottom line here that you're not going to be ready . . . by the 30th?" (Page ID # 1786.) In response, Richardson's counsel stated "[t]here is no way, shape or form." (*Id.*) When the judge asked Richardson's counsel when he would be ready for trial, he said that he was thinking ninety days, but that he should be ready to go in sixty. Based on this context, the court found a continuance served the ends of justice for both Richardson and Welti, stating "it certainly seems that the ends of justice are served by rescheduling the trial and affording [Richardson's counsel] an adequate time to prepare and assess the case, and that outweighs the public and the government's interest in a trial, as well as the defendants'—plural—interest in a speedy trial." (Page ID # 1795.) Accordingly, the court excluded the time from March 16 to June 8, 2009, from the speedy-trial clock, and the trial was set for June 8, 2009.

The court's explanation for excluding this time from the speedy trial clock was sufficient under *Zedner*, 547 U.S. at 506–508, because given the context, the record clearly establishes that a continuance serves the ends of justice. Furthermore, in its order denying Richardson's motion to dismiss under the Speedy Trial Act, the court restated that "the continuance was necessary in the ends of justice to allow proper trial preparation." (Page ID # 1436.)   This ends-of-justice continuance was also properly excluded. *See United States v. Stewart*, 628 F.3d 246, 253 (6th Cir. 2010) (upholding an ends-of-justice consideration for a continuance where defense counsel explained in the unopposed motion that the case's complexity warranted continuance, and where the court stated on the record that the continuance was in the interest of justice because counsel needed more time to prepare).

### 3. The June 9, 2009 Continuance

Richardson moved for another continuance on May 14, 2009, claiming that the volume of discovery documents coupled with trouble getting documents from previous counsel and viewing items on a hard drive prevented him from being prepared. The Government did not oppose that motion, but suggested that ninety days would be adequate. At the June 9, 2009 hearing on the motion, Richardson's counsel spoke at length, emphasizing the complexity of the trusts involved in the case, and requested a continuance of six months. The court indicated that, if it were to grant the six-month continuance, then it would not entertain any more continuances based on Richardson's counsel's need for time to prepare.

In response to the argument, the court made the following finding:

> And the new schedule is in response to [Richardson's counsel's] motion in the interest of justice, and it supersedes and outweighs the government's interest in a speedy trial, the defendant's interest in the speed of the trial, and the public's interest in a speedy trial in order to permit [Richardson's counsel] to adequately prepare for the trial, or whatever other strategy or decision he might suggest to Mr. Richardson.

(Page ID # 827.)  The court confirmed with Richardson, co-defendant Welti, and the Government that each agreed to the extension and the new schedule, which set the trial date for January 5, 2010.

The court correctly found that this continuance was in the interests of justice and stated its findings on the record contemporaneously with that finding.  Thus, the court met the requirements of *Zedner*, 547 U.S. at  506–508.  No further statement from the court was needed.  *See id.*  Accordingly, this continuance was also properly excluded from the speedy-trial clock.

*4. The November 30, 2009 Continuance*

On October 12, 2009, co-defendant Welti filed a motion requesting that his stand-by counsel be appointed as his primary attorney.  But Welti's stand-by counsel instead moved to withdraw from the case in order to take a new position with the Federal Public Defender's Office.  In light of this situation, new counsel was appointed for Welti.

On November 6, 2009, Richardson moved to continue the case again, this time for "at least 3 months, or until at least April 6, 2010 to enable Richardson and his counsel to properly prepare for his defense."  (Page ID # 900.)

At the next status conference, on November 17, 2009, Welti's new counsel moved for a continuance.  Then Richardson's counsel stated that he had recently learned about thirty boxes of discovery materials he had not yet reviewed, and "that continuance will enable us to go through those boxes."  (Page ID # 983.)  In response, the court addressed the Government, stating that it would not allow "the trial date to be manipulated—for lack of a better term—by the government in its failure to produce discovery in a timely fashion."  (Page ID # 984.)  A discussion followed that clarified the status of the discovery materials.  Welti's counsel suggested a severance so that Richardson's case could move forward independently of Welti's, and Richardson responded "[i]f we could have effective assistance of counsel, that would be fine.  But I don't know how we could have effective [assistance] if he's not ready."  (Page ID #

997–98.)  Thus, Richardson not only refused to sever the cases, he also acknowledged that he was not prepared for trial and would need the extra time given by the continuance.

The court filed a written order on November 30, 2009, granting both defendants' motions for continuance.  The court found that "the ends of justice in granting this continuance to allow proper trial preparation outweighs the Defendants' and public's interest in a speedy trial." (Page ID # 978.)

The court's statements on the record and written findings articulated in its contemporaneous order amount to a proper ends-of-justice finding, particularly when considered in the context of Richardson's own motion to continue and his refusal to sever his case from Welti's.  *See Stewart*, 628 F.3d at 253; *see also Zedner*, 547 U.S. at 506–508.  Therefore, this continuance was properly excluded from the speedy-trial clock.

### 5. The April 13, 2010 Continuance

On March 24, 2010, Welti's new counsel asked for a few more weeks in order to review discovery and prepare for trial, which the court granted, stating that the need for the defense to be prepared for trial outweighed the interest in a speedy trial.  At a conference on April 13, 2010, the parties met with the court to set a date for trial, which was scheduled for June 29, 2010.  The court excluded from the speedy-trial clock the time between April 13, 2010 and June 29, 2010, finding that Welti's counsel needed that time to fully prepare for trial.  Considered in the context of the conference, in which Welti's counsel stated that he had an ongoing trial in Kentucky that would prevent him from being prepared for this trial before the June 29 date, and further considering that Richardson had expressly declined to sever the cases, this continuance was properly excluded in the interests of justice.  *See Stewart*, 628 F.3d at 253; *see also Zedner*, 547 U.S. at 506–508.  In its order denying Richardson's motion to dismiss on Speedy Trial Act grounds, the court reiterated that the continuance was necessary to allow proper trial preparation.

Based on this analysis, and in light of the general rule that only one speedy-trial clock governs both defendants where the court has not severed the cases, 18 U.S.C. § 3161(h)(7); *see also  see United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002), the district court did not abuse its discretion in granting each continuance complained of here.   Moreover, Richardson makes no attempt in his briefs to argue that he was prejudiced by the various continuances, the majority of which he requested.  "[I]n order to obtain a reversal of a conviction on the basis of a violation of the Speedy Trial Act where a district court exercises its discretion to grant a continuance for the ends of justice, a defendant must show 'actual prejudice.'" *Stewart*, 628 F.3d at 254 (citing *United States v. Gardner*, 488 F.3d 700, 718 (6th Cir. 2007) (refusing to overturn the defendant's conviction based on a violation of the Speedy Trial Act where the "period of delay occasioned by the granting of [two of the defendants'] motions was reasonable")).  Accordingly, Richardson's claim of error is without merit.

## B.  Failure to Set a Date Certain for Trial

Richardson also complains the continuance granted on November 30, 2009 was open-ended and the court did not balance the relevant factors militating against setting a date certain for trial.  The Speedy Trial Act requires that a date certain for trial be set "at the earliest practicable time."  18 U.S.C. § 3161(a).  However, this Court, along with many other circuits, permits reasonable open-ended continuances.  *See, e.g.*, *United States v. Sabino*, 274 F.3d 1053, 1064–65 (6th Cir. 2001) ("[W]e will follow the rule of the First, Third, Fifth, and Tenth Circuits and hold that open-ended ends-of-justice continuances for reasonable time periods are permissible in cases where it is not possible to . . . set specific ending dates.") (amended and superceded on other grounds by 307 F.3d 446 (en banc)).

Here, a date certain was set at the earliest practicable time.  In granting the November 30, 2009 continuance, the district court left the date for trial open as a result of this continuance at Welti's counsel's request, a request to which Richardson agreed. At the time of the hearing, Welti's counsel had just joined the case, and could not inform the court with any certainty of when he could be prepared for trial.  Specifically,

the court asked Welti's counsel "[w]ell, you think you can be ready in the spring?" and Welti's counsel responded "I don't know . . . I will be filing a motion for a continuance of the trial date when I get a handle—some handle at least on the documents. I would suggest that . . . we have another get-together to discuss where we are, where I am in particular . . . rather than arbitrarily pick a trial date." (Page ID # 981–82.) Richardson was asked whether he would like to sever his case from Welti's in order to speed up the process, and Richardson declined, acknowledging that his attorney needed more time to prepare. After some discussion, the court noted that "the next time we meet, we're gonna make a schedule that is going to be hard and fast" and scheduled a conference for March 24, 2010. (Page ID # 998.)

Given this context, particularly the fact that Richardson did not agree to sever his case from Welti's, the March 24, 2010 conference was the "earliest practicable time" that a date certain could be set. *See* § 3161(a); *see also Zedner*, 547 U.S. 498–99 (stating that courts have discretion to "accommodate limited delays for case-specific needs"). Accordingly, this claim of error also fails.

### III. CONCLUSION

Richardson has not shown that the continuances he contests—most of which he requested—prejudiced him in any way. Moreover, the district court adequately set forth the ends-of-justice basis for each of the continuances so as to exclude them from the speedy-trial clock and set a date certain for trial at the earliest practicable time. Accordingly, the district court's order is **AFFIRMED**.